**FILED**

AUG 1 1 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

MARIO GIL MARTINEZ (6)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  10CR3617-BEN

PAUL D. TURNER
_____
Defendant's Attorney

**REGISTRATION NO.** 21860298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)     2s AND 3s OF THE SUPERSEDING INDICTMENT.

☐ was found guilty on count(s)   _____
   after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1951(a) | CONSPIRACY TO AFFECT COMMERCE BY ROBBERY AND EXTORTION | 2s |
| 18 USC 924(c)(1)(A)(i) AND 18 USC 2 | POSSESSION OF A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE AND A DRUG TRAFFICKING OFFENSE AND AIDING AND ABETTING | 3s |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count(s)  __UNDERLYING AND SUPERSEDING__   is ☐  are ☒  dismissed on the motion of the United States.

☒ Assessment: $200.00 (COUNT 2s: $100.00, COUNT 3s: $100.00) through IFRP at $25.00 per quarter during incarceration.

☒ Fine waived            ☒ Forfeiture pursuant to order filed  __AUGUST 10, 2011__ ,  included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

AUGUST 8, 2011
_____
Date of Imposition of Sentence

_____
HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

10CR3617-BEN

AO 245B    (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT: MARIO GIL MARTINEZ (6)
CASE NUMBER: 10CR3617-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

COUNT 2s: EIGHTEEN (18) MONTHS;
COUNT 3s: SIXTY (60) MONTHS CONSECUTIVE TO COUNT 2s.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
   DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .
       as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**10CR3617-BEN**

AO 245D    (Rev. 3/10) Judgment in a Criminal Case for Revocations
            Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: MARIO GIL MARTINEZ (6)
CASE NUMBER: 10CR3617-BEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS AS TO EACH COUNT, CONCURRENTLY.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
    Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
    or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

10CR3617-BEN

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4 — Special Conditions

| | Judgment—Page | 4 | of | 6 |

DEFENDANT: MARIO GIL MARTINEZ (6)
CASE NUMBER: **10CR3617-BEN**

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within           days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of                    , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of                    months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**10CR3617-BEN**

1

2

3

4

5

6

7



8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,      )   Case No. 10cr3617-BEN
                                    )
11                  Plaintiff,      )
                                    )   ORDER OF CRIMINAL
12        v.                        )   FORFEITURE
                                    )
13   MARIO GIL MARTINEZ (6),        )
                                    )
14                  Defendant.      )
     _____)

15

16        WHEREAS, in the Superseding Indictment in the above-captioned

17   case, the United States sought forfeiture of all right, title and

18   interest in specific properties of the above-named Defendant

19   pursuant to 18 U.S.C. §1951(a) and subject to forfeiture to the

20   United States pursuant to 18 U.S.C. §981(a)(1)(C) and §2461(c), as

21   properties involved in the violations alleged in the Superseding

22   Indictment; and

23        WHEREAS, on or about May 3, 2011, the above-named Defendant,

24   MARIO  GIL  MARTINEZ  (6)  ("Defendant"),  pled  guilty  before

25   Magistrate Judge Louisa S. Porter to Counts 2 and 3 of the

26   Superseding Indictment, and on May 18, 2011, this Court accepted

27   the guilty plea of Defendant, which  plea  included  consent

28   //

1  to the criminal forfeiture allegation pursuant to Title 18 as

2  set forth in Count 2 of the Superseding Indictment; and

3  WHEREAS, by virtue of the facts set forth in the plea

4  agreement, the United States has established the requisite nexus

5  between the forfeited properties and the offense; and

6  WHEREAS, the assets to which Defendant pled are in the

7  process of being forfeited under the Preliminary Order of Criminal

8  Forfeiture of co-defendant Daniel Villota (4); and

9  WHEREAS, the United States, having submitted the Order herein

10 to the Defendant through his attorney of record, to review, and no

11 objections having been received;

12 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

13 1. Based upon the guilty plea of the Defendant, all right,

14 title and interest of Defendant MARIO GIL MARTINEZ (6) in the

15 following properties are hereby forfeited to the United States:

16 (a)  a Smith & Wesson, model SW380, 380 caliber pistol with
        obliterated serial number and 8 rounds of ammunition;
17

18 (b)  a Para-Ordnance, model Para 1911, 38 Super caliber,
        serial number P188005 and 8 rounds of ammunition; and

19 (c)  three Baretta model 92F style air guns.

20 2. Because ancillary proceedings are being conducted

21 pursuant to the forfeiture order of a co-defendant in this case,

22 no ancillary proceedings or further forfeiture action is required

23 as to Defendant MARIO GIL MARTINEZ (6).

24 DATED: 8/10/2011

25

26 ROGER T. BENITEZ, Judge
   United States District Court

27

28